| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ODELL JONES, JR., §
　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:10-CV-70
　　　　　　　　　　　　　　§
UP DEVERAUX, ET AL., §
　　　　　　　　　　　　　　§
　　　　　Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Odell Jones, Jr., an inmate formerly confined at the U.S. Penitentiary in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this *Bivens*-type[1] action against defendants Rodney Johnson, Larry Devereaux, James Handley, and Officer Cooper.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendants' motion for summary judgment be granted and plaintiff's civil rights claims be dismissed for failure to exhaust administrative remedies.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections lacking in merit. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-83, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Plaintiff appears to argue that his failure to timely exhaust his administrative remedies should be excused because he was transferred to four different units within the year following the incident at issue. Prisoners, however, are required to exhaust even if transferred or released from custody, if the prisoner was confined in a jail, prison, or correctional facility when he filed suit. *See Hill v. Epps*, 169 F. App'x 199, 200 (5th Cir. 2006) (not selected for publication) (inmates transfer did not excuse failure to exhaust); *see also Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (finding "[t]he fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit."). Furthermore, plaintiff does not contend that there were any problems at the different facilities that prevented him from filing grievances regarding the incident at issue and has not alleged how his transfers otherwise specifically impeded his ability to file a grievance within the required time period. *See Lindsey v. Striedel*, 486 F. App'x 449, 452 (5th Cir. 2012) (not selected for publication) (citing to *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

SIGNED at Beaumont, Texas, this 31st day of January, 2013.

                                        MARCIA A. CRONE
                                  UNITED STATES DISTRICT JUDGE